UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JAHIRA DYER,

        Plaintiff,

  v.

THE CITY OF NEW YORK,                  **COMPLAINT**
NEW YORK CITY POLICE DETECTIVE
ALEXANDER SANTIAGO
Shield # 1105, 32nd Precinct,

        Defendant(s).
-----------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiff, JAHIRA DYER, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in

1

this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

## PARTIES

7. The Plaintiff, JAHIRA DYER, is a United States Citizen, and is, and at all times relevant herein, a resident of the State of New York. The Plaintiff filed a Notice of Claim against the City of New York on December 28, 2022, prior to the filing of this Complaint, and participated in a 50H Hearing on April 11, 2023.

8. Defendants, NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO, Shield Number 1105, upon information and belief of the 32nd Precinct, is at all times relevant, an Officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendant(s), NEW YORK CITY POLICE DETECTIVE SANTIAGO is sued individually and in their official capacity. At all times relevant, Defendant(s) NEW YORK CITY POLICE DETECTIVE SANTIAGO was acting under the color of State Law in the course and scope of their duties and functions as agent, servant, employee and Officer of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant(s), NEW YORK CITY POLICE DETECTIVES SANTIAGO was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit

of their duties as Officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

11. On May 3, 2022 at approximately 4:00 p.m. Defendant NEW YORK CITY DETECTIVE ALEXANDER SANTIAGO, Shield Number 1105, of the 32nd Precinct of THE NEW YORK CITY POLICE DEPARTMENT, signed and swore to a Criminal Court Felony Complaint drafted by employees of THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, falsely accusing the Plaintiff, JAHIRA DYER, of committing the felony offenses of Criminal Possession of a Weapon in the Second Degree (265.03(1). In the Criminal Court Felony Complaint, named Defendant NEW YORK CITY DETECTIVE SANTIAGO stated that he conducted an investigation of a shooting which allegedly occurred on April 15, 2022 in front of 2451 8th Avenue in New York County at approximately 5:40 p.m. Upon information and belief, as part of the investigation conducted between the dates of April 15 and April 20,

2022, named Defendant NEW YORK CITY POLICE DETECTIVE SANTIAGO viewed video surveillance in connection with the aforementioned shooting. Based upon the style and color of footwear and race/ethnicity of the perpetrator, and color shirt that the perpetrator in the videos was wearing, and video of the Plaintiff entering her residence, which was near the location of the shooting, wearing the same style and color of footwear that the perpetrator in the video was wearing, named Defendant DETECTIVE SANTIAGO caused a warrant to be issued for the Plaintiff on April 20, 2022. As a result of the actions of named Defendant, NEW YORK CITY POLICE DETECTIVE SANTIAGO, the Plaintiff was falsely arrested, charged and prosecuted for possessing a loaded firearm on April 15, 2022 in the County of New York, under Docket Number CR-011606-22NY. The Plaintiff was required to retain counsel to defend against the false allegations made by named Defendant DETECTIVE SANTIAGO. The Plaintiff was forced to make at least eight Court appearances in New York State Supreme Court, Criminal Term before the criminal case was dismissed by THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE on October 21, 2022. As a result of the false prosecution of the Plaintiff by named Defendant NEW YORK CITY POLICE DETECTIVE SANTIAGO, the Plaintiff lost her employment, resulting in lost income, as well as emotional upset, humiliation and embarrassment.

12. On May 1, 2022, named Defendant DETECTIVE SANTIAGO and four members of THE NEW YORK CITY POLICE DEPARTMENT went to the Plaintiff's residence at approximately 6:00 a.m. Named Defendant DETECTIVE SANTIAGO and several members of THE NEW YORK CITY POLICE DEPARTMENT proceeded to arrest the Plaintiff in front of her family members, handcuffing the Plaintiff in such a manner that injuries were caused to her wrists. Named Defendant DETECTIVE SANTIAGO and other members of THE NEW YORK CITY POLICE DEPARTMENT proceeded to transport the Plaintiff and her mother to the 32nd precinct, where the Plaintiff was physically searched and placed in a cell, while her mother remained downstairs at the precinct, receiving no information regarding her daughter,

the Plaintiff. While in the custody of named Defendant, NEW YORK CITY POLICE DETECTIVE SANTIAGO, the Plaintiff was questioned about the incident that occurred on April 15, 2022 by named Defendant DETECTIVE SANTIAGO, and questioned by other members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was subsequently transported to Central Booking in lower Manhattan where the Plaintiff was subjected to yet another physical search of her person. While in custody the Plaintiff was also fingerprinted and photographed by members of both THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY DEPARTMENT OF CORRECTIONS. The Plaintiff was arraigned upon the Felony Complaint on May 3, 2022, sworn to by named Defendant NEW YORK CITY POLICE DETECTIVE SANTIAGO, falsely accusing the Plaintiff of unlawful possession of a firearm, even though the named Defendant never observed the Plaintiff in possession of a firearm. Bail was set on the Plaintiff in the amount of $5,000.00. The Plaintiff remained in the custody of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS for approximately one additional day, despite the Plaintiff's family posting the bail for the Plaintiff. The Plaintiff was subsequently required to attend court at least eight times between May and October 2022.

## FIRST FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search, False Arrest**

13. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Twelve (12) as if fully set forth herein.

14. Upon information and belief, on May 3, 2022 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO, SHIELD NUMBER 1105 acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching, detaining and arresting the Plaintiff without lawful reason or cause.

15. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

16. The Plaintiff incorporates by reference each of the allegations contained in Paragraph(s) One (1) through Fifteen (15) as if fully set forth herein.

17. That on May 1, 2022, the Defendant, NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO, unlawfully utilized excessive force upon the Plaintiff without lawful reason or cause, causing injury to the Plaintiff.

18. That the actions of Defendant, NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an employee and agent of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## THIRD FEDERRAL CLAIM

**Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution, Section 42 U.S.C. 1983- Unlawful Questioning and Detention**

19. The Plaintiff incorporates by reference each of the allegations contained in Paragraph(s) One (1) through Eighteen (18) as if fully set forth herein.

20. That on May 1, 2022, the Defendant, NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO, SHIELD NUMBER 1105, unlawfully subjected the Plaintiff to questioning without a valid lawful reason or cause, causing harm to the Plaintiff.

21. That the actions of Defendant(s) NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO, occurred during the scope of his duties and functions as a New York City Police Officer, and while acting as an employee and agent of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FOURTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution**

22. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty One (21) as if fully set forth herein.

23. Upon information and belief, between May 3, 2022 and October 21, 2022 the conduct of Defendants NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and maliciously failing to inform members of THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE that the Plaintiff was not involved in the allegations contained in the Criminal Court Felony Complaint, resulting in and causing the arrest and prosecution of Plaintiff for a felony for no lawful reason or cause.

24. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FIRST STATE LAW CLAIM

25. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Four (24) as if fully set forth herein,

26. That on May 3, 2022, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO, which resulted in the unlawful search, detention, arrest, and physical injury of and to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to the Plaintiff.

**SECOND STATE LAW CLAIM**

27. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That on May 3, 2022, the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant, NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO, resulted in the unlawful search, detention, arrest and prosecution of the Plaintiff, resulting in the aforementioned harm to the Plaintiff.

WHEREFORE, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.
2. Punitive Damages against named Defendant(s) NEW YORK CITY POLICE DETECTIVE ALEXANDER SANTIAGO.
3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.
4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

_____

Dated: May 1, 2023
New York, NY

**Via ECF**

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 1100
New York, NY 10007
(212) 227-7373