

| | THE CITY OF NEW YORK | |
|---|---|---|
| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | GREGORY ACCARINO<br>*Senior Counsel*<br>phone: (212) 356-1945<br>gaccari@law.nyc.gov |

September 25, 2023

**BY ECF**
Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten annotation: I do not accept letter motions. This letter is rejected. 9-26-23 /s/ AKHellerstein]*

Re:  Jahira Dyer, et al. v. City of New York, et al.
     23 Civ. 3664 (AKH)

Your Honor:

I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, and attorney for defendant City of New York ("City") in the above-referenced matter. Defendant City writes to respectfully request (1) that the Court compel plaintiff to produce the required § 160.50 unsealing release by a date certain, on pain of dismissal for failure to prosecute, and (2) adjourn the October 20, 2023 Initial Conference to a date sixty (60) days after the deadline the Court sets for the releases to be produced to defendant City to provide defendant City an opportunity to investigate the claims and respond to the Complaint.

By way of background, plaintiff Jahira Dyer filed her Complaint on May 1, 2023, and brought this action, pursuant to 42 U.S.C. § 1983, against the City of New York and New York City Police Department ("NYPD") Detective Alexander Santiago, alleging claims of, *inter alia*, unlawful search, false arrest, excessive force, and malicious prosecution from May 1, 2022.[1] On May 2, 2023, the Court designated this case as part of the Plan. See ECF No. 3, Notice, May 3, 2023.

To comply with defendant's obligations under Federal Rule of Civil Procedure 11 ("Rule 11") and investigate the allegations of the Complaint, defendant City must obtain records regarding the court actions underlying plaintiff's claims, including police records, the District

---

[1] It should be noted that, upon review of the docket, defendant Santiago has not yet been served.

Attorney's file, and other court documents. It is our understanding that these records have been sealed pursuant to New York Criminal Procedure Law Section 160.50. Without this required release, defendant City is unable to access and investigate these claims.

Moreover, pursuant to Local Civil Rule 83.10, the plaintiff is required to serve on the City a § 160.50 Release at the same time that plaintiff serves the complaint. Local Civil Rule 83.10 further provides that if the § 160.50 Release is served after the complaint is first served on a defendant, each defendant will have the greater of (i) 60 days from the date of the § 160.50 Release is served on the City, or (ii) 60 days after the defendant is served, to answer the complaint. Local Civil Rule 83.10 also instructs that if "any party fails to comply with any requirement under this Rule, the other party shall promptly write to the presiding judge indicated the nature of the failure and requesting relief." To date, plaintiff has failed to provide the required release(s).

On July 21, 2023, the undersigned emailed plaintiff's counsel requesting the required § 160.50 unsealing releases and attached the unsealing releases, medical releases, and a copy of Local Rule 83.10, when requesting an adjournment of the July 26, 2023 Initial Conference. Plaintiff's counsel informed the defendants that he would provide the signed releases the following week. That representation was made to the Court in a July 24, 2023 letter, which requested an adjournment of the July 26, 2023 Initial Conference, due to the fact that without the releases, defendant City would be unable to access the relevant NYPD paperwork, District Attorney file, and Court file, which are sealed as a matter of law. See ECF No. 9, Consent Letter Motion, July 24, 2023. The Court granted the request and adjourned the Initial Conference to October 20, 2023. See ECF No. 10, Order, July 25, 2023. On August 7, 2023, the undersigned followed-up with plaintiff's counsel on the status of the releases, again including the appropriate documents, and plaintiff's counsel acknowledged receipt of the releases. Without receiving any further response from plaintiff, the undersigned followed-up on August 28, 2023, as well as on September 6, 2023, and informed plaintiff's counsel that if the releases were not produced to defendant City by Wednesday, September 13, 2023, defendant City would write to the Court to compel the releases. Defendant City has still not received the appropriate releases nor received any response from plaintiff since August 7, 2023. Because no unsealing release has been provided, defendant City has not been able to request or access any documents from the NYPD, criminal court or district attorney's office and, at this time, does not have enough knowledge of the case to Answer or otherwise respond to the Complaint, or have a productive Initial Conference.

Accordingly, defendant City respectfully requests (1) that the Court compel plaintiff to produce the required § 160.50 unsealing release by a date certain, on pain of dismissal for failure to prosecute, and (2) adjourn the October 20, 2023 Initial Conference to a date sixty (60) days after the deadline the Court sets for the releases to be produced to defendant City to provide defendant City an opportunity to investigate the claims and respond to the Complaint.

Defendant City thanks the Court for its consideration herein.

Respectfully submitted,

*/s/ Gregory J.O. Accarino*
Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division

cc: **By ECF:**
Victor Brown, Esq.
*Attorney for Plaintiff*

3